PEDRO TORRES TORRES, Plaintiff and Appellee, *v.* JUAN MARCANO, Defendant and Appellant.

No. 9647. Argued April 13, 1948.—Decided June 3, 1948.

*R. Rivera Zayas, J. Calzada González, G. Rivera Cestero,* and *Milton F. Rúa,* for appellant. *A. L. López* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This is a case claiming damages for malicious prosecution.

The District Court of Caguas found for plaintiff and ordered the defendant Juan Marcano to pay to Pedro Torres Torres, plaintiff herein, the amount of $500, plus costs and $100 for attorney's fees. Feeling aggrieved by the judgment, defendant appealed to this Court and alleges that the lower court erred in dismissing his first defense to the effect that the complaint does not adduce facts sufficient to constitute a cause of action; in overruling his motion for nonsuit; in weighing the evidence as the same was insufficient to establish the essential elements of the cause of action and in ordering the defendant to pay the aforesaid amounts.

It was alleged in the complaint, in brief, that "on the initiative and at the request of the defendant", a complaint was brought on April 20, 1943 in the Municipal Court of Caguas, Second Section, against the plaintiff for the crime of petit larceny, that the complaint was maliciously prosecuted without probable cause and that the prosecution ended with the acquittal of the plaintiff by judgment of May 10, 1943. That as a result of this complaint the plaintiff suffered damages in an amount which he reasonably deems in $2,500.

Appellant contends, in his first assignment, that since it is not alleged in the complaint that it was the defendant who charged the plaintiff with the commission of petit larceny, but that the complaint "was filed on the initiative and at the request of the defendant", the first of the four elements essential to this kind of action, according to our ruling in *Parés* v. *Ruiz,* 19 P.R.R. 323, is lacking. In that case we said, on page 327:

. ''In actions of malicious prosecution there are four essential elements which must be alleged and proven, to wit:

''1. That the plaintiff has been prosecuted by the defendant.

''2. That the prosecution ended favorably to the plaintiff.

''3. That it was instituted maliciously and without probable cause.

''4. That plaintiff sustained damages thereby.''

We do not agree with appellant. In *Jiménez* v. *Sánchez*, 60 P.R.R. 406 we ratified *Parés* v. *Ruíz, supra,* and *Benet* v. *Hernández,* 22 P.R.R. 461 and *Rosado* v. *Rosado,* 51 P.R.R. 113, where the *Parés* case was cited with approval, and we held that a complaint which alleges that the defendant maliciously accused the plaintiff to the prosecuting attorney of having committed a crime, inducing said officer to prosecute him criminally and to subject him to a trial, in which he is acquitted, causing him damages, is sufficient. In the instant case, although the complaint does not state who filed the complaint against plaintiff herein (the evidence reveals that it was an insular policeman), it does allege that it was filed on the initiative and at the request of the defendant and that he was prosecuted maliciously without probable cause. The complaint, as drawn up, is, in our opinion, sufficient. The first error was not committed.

■■ Appellant argued the second and third assignments together. We shall dispose of them in like manner. Appellant maintains that the court erred in overruling the motion for nonsuit,[1] in weighing the evidence and in rendering judgment against him. Let us then examine the evidence herein.

That for the plaintiff tended to show that on or about April 15, 1943 the defendant informed the Chief of Police of Caguas that there had been stolen from his property, without accusing anyone specifically, four hundredweights of *yautía* seeds which he had planted; that the Chief sent two policemen to make an investigation in defendant's property and the defendant had one of his laborers take them to

---

[1] Under Rule 41(*b*) of Civil Procedure the defendant does not waive his right to present evidence when his motion for nonsuit has been overruled.

the place where the *yautía* plantation was; that there, after talking to plaintiff and the latter admitting that he had taken and planted the seeds because they were his, inasmuch as he had purchased them from Evaristo Vázquez, they took him to police headquarters in Caguas and the Chief ordered him to be taken before the Municipal Judge; that since said officer was not in court they put the plaintiff in jail at six o'clock in the afternoon until he was bailed out at eight o'clock in the evening; that Augusto Rodríguez, an insular policeman, filed a complaint against plaintiff for the offense of petit larceny; that he was tried and acquitted. Plaintiff's evidence also tended to show that he was working as a share-cropper of defendant; that he first planted a *cuerda* (acre) of tobacco and later a square tract of land of *yautías;* that since the defendant did not have *yautía* seeds plaintiff purchased from Evaristo Vázquez the seeds which he planted in the farm and that the defendant was aware of this fact; that when the time came for gathering the *yautías* the defendant demanded that they be divided in equal shares, although the seeds were not his, but that plaintiff agreed on the condition that only the crop be divided but not the seeds, to which defendant answered nothing; that after the defendant had gathered the one-half of the *yautías* which belonged to him, he ordered the plantation to be fenced with wire and then allowed some oxen to graze there; that when plaintiff saw this he decided to dig out his seeds and take them with him for they were being ruined by the oxen; that the defendant had ordered the plaintiff to vacate the house where he lived in the property, because he intended to sell it. It was further proved that the plaintiff is a workman of good reputation in the community where he lives and that he had never been prosecuted for any offense prior to the offense of petit larceny and that, as he said, he suffered the affront of being put in jail and prosecuted. This was, in brief, and in so far as pertinent the evidence presented by the plaintiff.

That for the defendant tended to show that although the plaintiff was a sharecropper of the defendant it was the latter who supplied the *yautía* seeds which existed in the property for the piece of land that plaintiff had planted; that since he had decided to sell the property, the defendant told the plaintiff to move; to divide the *yautías*, share and share alike, as is customary, and that the seeds should remain planted; some time later when he had the opportunity to sell the seeds he ordered them to be dug out and his men found that they had already been taken; that the defendant then notified the Chief of Police without accusing anyone because he did not know who had stolen them; that he took no part in the investigation carried out by the policemen, nor procured the filing of the complaint against plaintiff; that as a witness for the prosecution he merely testified to the same effect.

In overruling the motion for nonsuit, first, and in sustaining the complaint later, the lower court believed plaintiff's evidence which tended to show that plaintiff was defendant's sharecropper and that the *yautía* seeds planted in his property belonged to the plaintiff and not to the defendant and that despite his knowledge of these facts the defendant had not informed them to the Chief of Police but merely stated that the seeds had been stolen from him.

As to the motion for nonsuit, we are of the opinion that the lower court did not err in overruling it, inasmuch as plaintiff's evidence was *prima facie* sufficient, especially when the defendant based said motion on the fact that it had not been proved that he had filed a complaint against the plaintiff, that is, the same question raised in the special defense which we argued in disposing of the first assignment of error.

 Now, as to the case on its merits, is the evidence sufficient to support the judgment? To answer this question in the affirmative the four essential elements mentioned above must be proved inasmuch as "if any one of them is lacking, the result is fatal to the case of the plaintiff." *Parés* v. *Ruíz, supra,* page 332.

We have already seen that it is alleged in the complaint that the prosecution for petit larceny against the plaintiff was brought ''on the initiative and at the request of the defendant.'' As an allegation, we have decided that it is sufficient. The evidence, however, only showed that the defendant merely informed the policemen that the seeds had been stolen, without accusing plaintiff or any other person. Can it be sustained that the fact that defendant concealed from the Chief of Police that plaintiff had been his sharecropper or that the possession of the seeds was under discussion between them (which defendant denied), compelled said police authority in any manner to file a complaint against the plaintiff? We think not. When policemen Rivera and Rodríguez carried out the investigation of the case, plaintiff informed them of this fact and frankly admitted to them that he had transplanted the seeds because they were his. So that it was the proper authority, in this case an insular policeman, who irrespective of the incomplete information given by the defendant, acted against the plaintiff—after making the proper investigation. The omission of the defendant to give to the Chief of Police a complete information did not bind, as indeed it did not, said authority to act against plaintiff and, in doing so, after an investigation, it can not be said that it was done at the request or on the initiative of the defendant. The action of the policeman was the result of his own investigation of the facts and not of the incomplete information which defendant gave him.

In 3 Restatement, Torts, § 653 (2) page 382, the rule applicable to these cases is set forth as follows:

'' (1) A private person who initiates criminal proceedings against another who is not guilty of the offense charged is liable to him for the harm done thereby if the proceedings

''(a) were initiated

(1) without probable cause, and

(2) primarily because of a purpose other than that of bringing an offender to justice, and

‘‘(b) have terminated in favor of the accused.

‘‘(2) A private person who *procures the institution* of criminal proceedings against another is liable under the conditions stated in Subsection (1).’’ (Italics ours.)

Commenting Subsection (2), *supra,* it is said on page 383:

‘‘A person who does not himself initiate criminal proceedings may procure their institution in one of two ways: (1) by inducing a third person, either a private person or a public prosecutor, to initiate such proceedings, or (2) by prevailing upon a public official to institute them by filing an information. It is, however, not enough that some act of his should have caused the third person to initiate the proceedings. One who gives to a third person, whether public official or private person, information of another's supposed criminal conduct or even accuses such other thereof, causes the institution of such proceedings as are brought by the third person. The giving of the information or the making of the accusation, however, *does not constitute a procurement of the proceedings which the third person initiates thereon if it is left to the uncontrolled choice of the third person to bring the proceedings or not as he may see fit.’’* (Italics ours.)

And on page 386, the following comment appears:

‘‘A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving such information or even making an accusation of criminal misconduct *does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not.* Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, *the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.*

"If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible and a, prosecution based thereon is procured by the person giving the false information." (Italics ours.)

The rules set forth in the Restatement are in point herein and they support the conclusion to which we have arrived. It was proven that the defendant gave to a public officer an information as to the theft of some *yautías* seeds. He did not charge the plaintiff or any other person of the theft. Nor did he induce or prevail upon said officer to prosecute the plaintiff. He merely gave an incomplete information, which he always insisted was true, but this action of the defendant, under the circumstances of this case, does not mean that he informed the public officer a fact which he knew was false and which precluded the latter from the intelligent exercise of his discretion. On the contrary, said officer, after making the investigation which he saw fit, filed the complaint against the plaintiff notwithstanding the fact that the latter told him that he was the owner of the seeds and for that reason had transplanted them. Said officer exercised his uncontrolled discretion without it being proved that the defendant took any part in the performance of the officer's duty.

Since it was not proved that it was on the initiative or at the request of the defendant that plaintiff was prosecuted, one of the essential elements of the cause of action is lacking and the lower court erred in weighing the evidence.

The judgment is reversed and the complaint dismissed with costs.

Mr. Justice De Jesús did not participate herein.